UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SYLVANIA BELL,

    Plaintiff,

v.                                                                                          CASE NO. 0:17-CV-60909

QUICKEN LOANS, INC.,

    Defendant.

## NOTICE OF REMOVAL

The Defendant, Quicken Loans, Inc. ("**Quicken Loans**"), hereby removes this action from the Seventeenth Judicial Circuit in and for Broward County, Florida, in accord with 28 U.S.C. §§ 1441 and 1446, based on this Court's federal question jurisdiction under 28 U.S.C. § 1331. In support of removal, Quicken Loans respectfully states as follows:

1.    On April 13, 2017, the Plaintiff, Sylvania Bell (the "**Plaintiff**"), sued Quicken Loans in County Court, Small Claims Division, in and for Broward County, Florida, in the action captioned Patricia Neville v. Quicken Loans, Inc., and designated as Case Number COCE-17-005860 (the "**State Court Action**").

2.    Quicken Loans received service of the complaint and summons in the State Court Action on April 21, 2017. A true and legible copy of all process, pleadings, and orders served in the State Court Action are attached to this notice as **Composite Exhibit A**.

3.    In the State Court Action, the Plaintiff's allegations against Quicken Loans arise out of purported violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("**RESPA**").

4.      Pursuant to 28 U.S.C. § 1441, removal is proper because this Court has original jurisdiction, under 28 U.S.C. § 1331, over the claims asserted by the Plaintiff in the State Court Action and this division embraces Broward County, Florida, the County where the State Court Action is pending.

5.      This Court has original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331.

6.      "Federal question" jurisdiction under Section 1331 extends to cases in which "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).

7.      In the subject action, the Plaintiff's claim arises solely from an alleged violation of a federal statute—RESPA.

8.      This notice of removal is timely as it is filed within thirty days of Quicken receiving service of the complaint in the State Court Action. See 28 U.S.C. § 1446(b) (requiring a notice of removal to be filed no later than thirty days after service upon the defendant).

9.      Pursuant to 28 U.S.C. 1446(d), Quicken Loans served a copy of this notice on each adverse party and filed a copy of this notice with the State court.

10.     By filing this notice of removal, Quicken Loans waives no defense to dismissal of this action or challenge to the sufficiency of service of process.

**WHEREFORE**, Quicken Loans, Inc., hereby removes this action to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated this 8th day of May, 2017.

QUARLES & BRADY LLP

By: */s/ Michael J. Labbee*
J. Kirby McDonough
Florida Bar No.: 79031
Michael J. Labbee
Florida Bar No. 106058
*Attorneys for Defendant*
101 E. Kennedy Blvd., Suite 3400
Tampa, FL  33602
Telephone: (813) 387-0300
Facsimile: (813) 813-1800
kirby.mcdonough@quarles.com
michael.labbee@quarles.com
nichole.perez@quarles.com
docketfl@quarles.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on May 8, 2017 on all counsel or parties of record on the Service List below.

*/s/ Michael J. Labbee*
Attorney

## SERVICE LIST

Glen M. Lindsay, Esquire
SAAVEDRA GOODWIN
312 SE 17th St., 2nd Floor
Fort Lauderdale, FL 33316
glindsay@saavlaw.com
eservice@saavlaw.com
*Attorneys for Plaintiff*

3